# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 18-10445 PA (MRWx) | Date | March 13, 2019 |
|---|---|---|---|
| Title | Chad Van Baalbergen, et al. v. Ford Motor Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Ford Motor Company ("Ford"). (Docket No. 1.) In the Notice of Removal, Ford asserts that this Court has jurisdiction over the action brought against it and Advantage Ford, Inc. ("Advantage Ford") by plaintiff Chad Van Baalbergen ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land &

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-10445 PA (MRWx) | Date | March 13, 2019 |
|---|---|---|---|
| Title | Chad Van Baalbergen, et al. v. Ford Motor Company, et al. | | |

Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("[T]he relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company . . . .").

According to the Notice of Removal, "Ford is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan." (Notice of Removal ¶ 22.) The Notice of Removal alleges that "Plaintiff is, and was at the time of filing of the Complaint, both a citizen and resident of California. (Compl. ¶ 2)." (Notice of Removal ¶ 21.) The Notice of Removal further alleges that Advantage Ford "is a California corporation." (Notice of Removal ¶ 23.) Ford seeks to have the Court ignore the fact that Plaintiff and Advantage Ford are both citizens of California, and that complete diversity between the parties is lacking, based on Ford's contention "that Plaintiff fraudulently joined Advantage [Ford] in this products liability and fraud case for no reason other than to defect diversity jurisdiction and prevent removal of the action to federal court." (Notice of Removal ¶ 23.) According to the Notice of Removal:

> Plaintiff has sued Advantage [Ford] for "negligent repair." Ford believes Plaintiff has no intention of prosecuting a negligence claim against Advantage [Ford], and that in fact the negligent repair claim was only brought to defeat the claim of diversity and removal to Federal Court, due to the fact that Ford has recently sought removal of other similar matters to the federal court. Indeed, Ford's counsel's vast litigation experience in opposing automotive product liability cases has been that individual Ford dealerships have not been regularly sued. Because Plaintiff's joinder of Advantage [Ford] is fraudulent, this Court has the jurisdiction to accept this matter, as absent Advantage [Ford], complete diversity exists for purposes of 28 U.S.C. § 1332 jurisdiction.

(Notice of Removal ¶ 23 (footnote and citations omitted).)

The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10445 PA (MRWx) | Date | March 13, 2019 |
|---|---|---|---|
| Title | Chad Van Baalbergen, et al. v. Ford Motor Company, et al. | | |

prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

    At least on this record, this Court cannot conclude that Advantage Ford is fraudulently joined. Ford has not met its burden to foreclose "any possibility" that Plaintiff may prevail on his claim against Advantage Ford. Nor can the Court conclude on this record that Plaintiff would not, at a minimum, be afforded leave to amend his Complaint to augment his allegations against Advantage Ford should those allegations be found insufficient. Ford's counsel's "vast litigation experience" does not allow the Court to ignore the fact that Plaintiff has included a claim against a non-diverse defendant that falls far short of the legal standard for fraudulent joinder. Nor does the Court, on this basis of the filing of a Notice of Removal, accept Ford's invitation to exercise its discretion to sever Advantage Ford from this action pursuant to Federal Rule of Civil Procedure 21. (See Notice of Removal ¶ 24.) Ford has therefore failed to meet its burden to have this Court ignore the citizenship of Advantage Ford, and the Court accordingly concludes that Ford has not established that the complete diversity of the parties or this Court's subject matter jurisdiction.

    For all of the foregoing reasons, Ford has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. 18STCV04964 for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.